DECISION AND JOURNAL ENTRY
The State of Ohio has appealed from the judgment of the Wayne County Municipal Court that dismissed the misdemeanor traffic charges against Defendant Robert E. Clarke. This Court affirms.
 I.
On November 12, 1999, Defendant was served with a traffic citation, alleging three violations of the Village of Burbank Code of Ordinances (B.C.O.). Specifically, he was charged with failure to comply with a lawful order to stop, in violation of B.C.O 303.01(B); speeding, in violation of B.C.O. 333.03; and, Driving Under Suspension, in violation of B.C.O. 335.07. Defendant was arraigned on the latter two charges on November 24, 1999. On December 27, 1999, he was arraigned for the failure to comply count.
On January 18, 2000, Defendant filed his Notice of Alibi. Two days later, the State moved to continue the trial, previously scheduled to commence on January 25, 2000. On January 21, 2000, the trial court granted the State's motion and set a trial date of February 15, 2000. However, on that date, the matter did not proceed to trial because an older case, also scheduled for that day, went forward. Later that day, Defendant filed a motion to dismiss, claiming a violation of his statutory, speedy trial rights, pursuant to R.C. 2945.71. On February 25, 2000, after conducting a hearing on the matter, the trial court dismissed the action. The State timely appealed, asserting one assignment of error.
 II. The trial court erred in granting [Defendant's] motion to dismiss for failure to bring Defendant to trial within the statutory requirement of [R.C. 2945.71].
 In its assignment of error, the State has raised several points. First, the State has argued that Defendant's Notice of Alibi, filed on January 18, 2000, was the impetus for its January 20, 2000 motion to continue. Next, the State has asserted that so long as a continuance is reasonable, irrespective of who requests it, the delay must be charged to the defendant. Extending that proposition to this case, the State further argued that the trial court's January 21, 2000 continuance was reasonable. Lastly, the State has claimed that if the "reasonable" delay had been properly charged to Defendant, the ninety day window for prosecution would not have closed by February 15, 2000. In response, Defendant has argued that the continuance was solely the product of the State's January 20, 2000 motion, that the State was duly charged with the delay and that the trial court properly dismissed the charges against him. Thus, the issues presented in this matter resolve to whether the continuance should be charged to the State and, if so, did it fail to bring Defendant to trial in a timely manner. After reviewing Ohio's scheme for misdemeanor statutory, speedy trial rights, this Court will address each question in turn.
 A. Statutory, Speedy Trial Rights for Misdemeanors
In Ohio, individuals charged with misdemeanors, other than a minor misdemeanor, shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.71(B)(2). If the defendant is not brought to trial within the time required, the trial court shall discharge the defendant, so long as he or she moves for a dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the ninety day statutory rule is not absolute. It may be extended or tolled under certain circumstances. R.C. 2945.72. Indeed, the time within which a defendant must be brought to trial may be extended by
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable
continuance granted other than upon the accused's own motion[.]
 (Emphasis added.) Id. Thus, it is incumbent on this Court to determine to whom the continuance, granted on January 21, 2000, should be charged.
 B. The Continuance
The State has argued that the continuance in this case should be charged to Defendant because he filed a Notice of Alibi on January 18, 2000 and that, as a result, the State needed additional time to investigate. Invoking R.C. 2945.73(E) and (H), the State further argued because Defendant's notice "required" it to move for a continuance, the delay is properly charged to Defendant. In short, the State has invited this Court to hold that a reasonable delay, even at the State's request, is nevertheless a reasonable delay and does not violate a defendant's speedy trial rights under R.C. 2945.72. In support of this argument, it has cited this Court's decision in State v. Glasure (Aug. 20, 1997), Wayne App. No. 95CA0081, unreported, where a continuance pushed the trial date past the ninety day deadline. However, the Glasure case is distinguishable from the case at bar. In Glasure, the trial court was forced to sua sponte reschedule the trial due to the trial court's swelling docket, and thus, Glasure's case was prevented from proceeding to trial in a timely manner. Id. at 2-3. Conversely, in the case at hand, the State specifically requested the January 21, 2000 continuance.
In the end, a continuance at the State's request should not be charged to a criminal defendant for the purposes of calculating time under R.C.2945.72. Such a concept runs counter to the underlying policy of any speedy trial rights statute. The fact that Defendant filed a Notice of Alibi on January 18, 2000, which legally triggers no duty for either the State or the trial court, is irrelevant. Therefore, this Court concludes that the continuance, rescheduling Defendant's trial for February 15, 2000, must be charged to the State.
 C. Time Calculation
Turning to the second issue presented, this Court holds that the State failed to bring Defendant to trial within the requisite period. Defendant was served with the summons on November 12, 1999. On January 20, 2000, the State moved for a continuance, claiming that it required more time to investigate Defendant's Notice of Alibi, filed January 18, 2000. The trial date was rescheduled and set for February 15, 2000. On that date, the matter was again continued by the trial court, and Defendant moved to dismiss. Between November 12, 1999 and January 20, 2000, sixty-eight days passed.[1] On February 15, 2000, an additional twenty- six days had transpired, bringing the number of days since the service of the summons to a grand total of ninety-four. Having determined that the twenty-six day continuance must be charged to the State, this Court concludes that the State failed to bring Defendant to trial in a timely manner and the charges against him were properly dismissed. The State's assignment of error is without merit.
 III.
The State's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
[1] When calculating time, for the purposes of misdemeanor statutory, speedy rights, courts should not include the day of service. Rather, courts should commence counting on the first day after such service. R.C. 2945.71(B)(2). See, e.g., Akron v. Cody (Sept. 6, 2000), Summit App. No. 19986, unreported, at 3. In this case, the clock began to run on November 13, 1999.